UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SERGIO A. VELA, TDCJ #02278789,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | SA-22-CV-00209-XR | |
| v. § | | |
| § | | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | | |
| **JUSTICE and LIEUTENANT RODOLFO** § | | |
| **A. GARCIA JR.,** § | | |
| § | | |
| **Defendants.** § | | |

## SHOW CAUSE ORDER

Before the Court is *pro se* Plaintiff Sergio A. Vela's ("Vela") 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). The Court granted Vela's Application to Proceed *In Forma Pauperis* ("IFP"). After reviewing the Complaint, the Court orders Vela to file an amended complaint curing, to the extent possible, the Complaint's legal deficiencies, which are described below.

### BACKGROUND

Records from the Texas Department of Criminal Justice ("TDCJ") show that in 2019, Vela was convicted in Hays County, Texas of burglary of a habitation and evading arrest with a vehicle. *See* Texas Department of Criminal Justice Inmate Search (last visited Mar. 7, 2022). The trial court sentenced him to five years' confinement for each offense. *Id.* While confined, Vela filed this section 1983 action against TDCJ and Lieutenant Rodolfo A. Garcia Jr. ("Garcia"). (ECF No. 1).

Vela contends Garcia assaulted him with a deadly weapon by spraying him with pepper spray in his genital and anal areas. (*Id.*). As to TDCJ, he seems to contend a prison policy permits the actions taken by Garcia. (*Id.*). As relief against TDCJ, Vela seeks a change in the alleged policy

and monetary damages. (*Id.*). As to Garcia, he seeks to have him criminally charged with aggravated assault with a deadly weapon and monetary damages. (*Id.*).

## APPLICABLE LAW

Under section 1915A(b)(1) of Title 28 of the United States Code, this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed IFP if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted). Such a dismissal may occur at any time, before or after service of process and before or after a defendant files an answer. *Shanklin v. Fernald*, 539 F. Supp.2d 878, 882 (W.D. Tex. 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule

12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a *pro se* plaintiff's complaint, the court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### DEFICIENCIES IN VELA'S COMPLAINT

A. Eleventh Amendment

   1. <u>TDCJ</u>

Under the Eleventh Amendment, "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993) (quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.,* 483 U.S. 468, 480 (1987)); *see* U.S. CONST. amend. XI. Section 1983 does not waive a state's sovereign immunity, and Texas has not consented to suit. *See Aguilar v. Tex. Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir.1998).

The Fifth Circuit has previously held TDCJ is "an instrumentality of the state" and "is immune from suit … on Eleventh Amendment grounds." *Aguilar,* 160 F.3d at 1054 (5th Cir.1998); *see Harris v. Angelina Cnty., Tex.*, 31 F.3d 331, 338 n.7 (5th Cir.1994) ("Under the current state of the law, the TDCJ is deemed an instrumentality of the state operating as its alter ego in carrying out a public function of the state, and is immune from suit under the Eleventh Amendment."). Accordingly, because the TDCJ is an instrumentality of the state, any claim against TDCJ is barred by the Eleventh Amendment. *See id.* Therefore, in any amended complaint, Vela should remove TDCJ as a defendant.

    *2. Garcia*

As noted above, the Eleventh Amendment bars suits by private citizens against a state in federal court. *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011); *K.P. v. Leblanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citing *Hutto v. Finney*, 437 U.S. 678, 700 (1978)); *see* U.S. CONST. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). Federal claims against state employees in their official capacities are the equivalent of suits against the state. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell*, 436 U.S. at 658, 690 n.55 (1978). The bar of the Eleventh Amendment is in effect when state officials are sued for monetary damages in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Cory v. White*, 457 U.S. 85, 90, (1982). This is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Graham*, 473 U.S. at 169 (quoting *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

With respect to section 1983 claims, the Supreme Court has held a state is not considered a "person" within the meaning of the statute. *Will*, 491 U.S. at 64. Accordingly, although state officials literally are persons, if sued in their official capacities they are not deemed "persons" for purposes of section 1983. *Id.* at 71. In other words, a suit against an official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Id.*; *Brandon*, 469 U.S. at 471. As a suit against the official's office, it is no different from a suit against the state itself. *Will*, 491 U.S. at 71 (citing *Graham*, 473 U.S. at 165–66; *Monell*, 436 U.S. at 690 n.55). Thus, section 1983 suits brought against state officials in their official capacities for monetary damages or for retrospective relief are, likewise, barred under the Eleventh Amendment. *See id.*

Garcia is a TDCJ employee and as such is an employee of the State of Texas. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (noting the Fifth Circuit has recognized Eleventh Amendment bars "recovering § 1983 money damages from TDCJ officers in their official capacity."). Thus, to the extent Vela has brought a section 1983 claim against Garcia in his official capacity for monetary damages or other retrospective relief, such claim is subject to dismissal for want of jurisdiction based on sovereign immunity. *See Will*, 491 U.S. at 71. Thus, in any amended complaint, Vela should omit any claims against Garcia in his official capacity for monetary damages or other retrospective relief. *See* U.S. CONST. amend. XI.

### B. *Improper Request for Relief*

As noted above, in addition to monetary damages, Vela seeks to have Garcia criminally charged for the alleged pepper spraying incident. (ECF No. 1). This is not a form of relief available in a section 1983 action. As a general rule, a person has no "judicially cognizable interest in the

5

prosecution or nonprosecution of another." *Doe v. City of Pharr*, No. 7:14-CV-285, 2015 WL 12966230, at *4 (S.D. Tex. Feb. 19, 2015), *aff'd sub nom.*, 652 Fed. App'x 259 (5th Cir. 2016) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). "Third parties do not enjoy a constitutionally protected right to have wrongdoers criminally investigated or prosecuted, even if a third party is the victim of an alleged wrongdoer[']s criminal acts." *Merritt v. City of Ennis*, No. Civ.A.3:04CV2606-G, 2005 WL 440408, at *3 (N.D. Tex. Feb. 24, 2005) (citing *Love v. Bolinger*, 927 F. Supp. 1131, 1137 (S.D. Ind.1996); *Nieves–Ramos v. Gonzalez–De–Rodriguez*, 737 F. Supp. 727, 728 (D. Puerto Rico 1990); *Johnson v. Craft*, 673 F. Supp. 191, 193 (S.D. Miss. 1987)).Thus, in any amended complaint, Vela should include only those requests for relief that are available in a section 1983 action.

## RIGHT TO AMEND

Before dismissal of his Complaint, Vela is entitled to amend to attempt to cure the noted deficiencies. *See Neitzke*, 490 U.S. at 329. If Vela fails amend his Complaint in accordance with this Show Cause Order, his claims may be dismissed for want of jurisdiction and for failure to state a claim upon which relief may be granted. *See* U.S. CONST. amend. XI; 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

**IT IS THEREFORE ORDERED** that **within thirty (30) days of the date of this Order**, Vela must show cause why the deficient claims should not be dismissed by filing an amended complaint that cures the noted deficiencies. Any amended complaint should not exceed twenty (20) pages. Further, Vela should present his amended claims by using the section 1983 complaint form provided by the Clerk of Court. **The Clerk of Court is directed to provide Vela with a copy of the section 1983 form.**

**Vela is advised that any amended complaint will wholly supersede his original Complaint.**

If Vela fails to comply with this Order, his Complaint may also be dismissed for failure to prosecute and failure to comply with this Show Cause Order. *See* FED. R. CIV. P. 41(b).

It is so **ORDERED**.

**SIGNED** this 7th day of March, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE