## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SERGIO A. VELA, TDCJ #02278789,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **SA-22-CV-00209-XR** |
| **v.** | § | |
| | § | |
| **LT. RODOLFO A. GARCIA JR. and** | § | |
| **BRYAN COLLIER,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court are *pro se* Plaintiff Sergio A. Vela's ("Vela") 42 U.S.C. § 1983 Amended Civil Rights Complaint and Defendant Lieutenant Rodolfo A. Garcia Jr.'s ("Lt. Garcia") "Motion for Summary Judgment Limited to Exhaustion of Administrative Remedies." (ECF Nos. 6, 20). The Court granted Vela's Application to Proceed *In Forma Pauperis*. (ECF Nos. 2, 4). Based on the analysis set out below, Lt. Garcia's motion for summary judgment is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

Records from the Texas Department of Criminal Justice ("TDCJ") show that in 2019 Vela was convicted in Hays County, Texas of burglary of a habitation and evading arrest with a vehicle. *See* Texas Department of Criminal Justice Inmate Search (last visited June 6, 2023). The trial court sentenced him to five years' confinement for each offense. *Id.* On March 3, 2022, while confined in TDCJ's Dominguez State Jail facility, Vela filed this § 1983 action against Lt. Garcia and Bryan Collier, who is the Executive Director of the TDCJ ("Director Collier"). (ECF No. 1); *see* Executive Director (texas.gov). (last visited June 6, 2023). Vela sued both Defendants in their official and individual capacities. (ECF No. 9, n.1).

Upon review, the Court rendered a Show Cause Order, pointing out deficiencies in Vela's original Complaint. (ECF Nos. 1, 5). Vela filed his Amended Complaint in response to the Show Cause Order. (ECF No. 6). After reviewing the Amended Complaint, the Court rendered an Order of Partial Dismissal, finding Vela's claims against Director Collier and Lt. Garcia, to the extent they were sued in their official capacities for monetary damages or other retrospective relief, are barred by the Eleventh Amendment. (ECF No. 9); *see* U.S. CONST. amend. XI. Additionally, as to Director Collier in his individual capacity, the Court determined Vela failed to state a claim upon which relief may be granted because he failed to allege or establish Director Collier was personally involved in any alleged constitutional violation or implemented policies or customs giving rise to an actual constitutional deprivation. (ECF No. 9); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). As a result of the partial dismissal, the only claims remaining were those against Lt. Garcia in his individual capacity, prompting the Court to render a Service Order directed to Lt. Garcia in his individual capacity. (ECF Nos. 9, 10).

In his Amended Complaint, Vela contends that on October 10, 2021, Lt. Garcia assaulted him with a deadly weapon by spraying him with pepper spray in his genital and anal areas during a strip search. (ECF No. 6); (ECF No. 20, Exh. A, pp. 40). Vela received a disciplinary case for the incident. (*Id.*). Following service, Lt. Garcia filed an answer and then his motion for summary judgment. (ECF Nos. 12, 20). Lt. Garcia's motion for summary judgment is limited to the issue of whether Vela exhausted his administrative remedies as mandated by the Prison Litigation Reform Act. ("PLRA"). Vela did not file a response to Lt. Garcia's motion for summary judgment.[1]

---

[1] Although Vela filed a motion for extension of time to respond to Lt. Garcia's motion for summary judgment, which the Court granted, he never filed a response. (ECF Nos. 23).

ANALYSIS

Lt. Garcia argues in his motion for summary judgment that he is entitled to judgment as a matter of law because Vela failed to exhaust his administrative remedies before filing suit as required by the PLRA. *See* 42 U.S.C. § 1997e(a). In support of his motion, Lt. Garcia submitted the following documentary evidence, which was authenticated by two business records affidavits completed by the relevant TDCJ custodians of record: (1) Vela's grievance records from July 10, 2021, through April 10, 2022; and (2) relevant portions of the TDCJ's Offender Orientation Handbook ("the Handbook").[2] (ECF No. 20, Exhs. A, B); *see Tex. Dep't of Criminal Justice Offender Orientation Handbook* (revised 2017), *available at* https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf (last visited June 6, 202). Thus, the only issue before the Court in this summary judgment proceeding is whether Lt. Garcia established as a matter of law that Vela failed to exhaust his administrative remedies prior to filing the § 1983 claims against Lt. Garcia.

***Applicable Law***

1. <u>*Standard of Review*</u>

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Funches v. Progressive Tractor & Implement Co., L.L.C.*, 905 F.3d 846, 849 (5th Cir. 2018). Where the nonmovant bears the burden of proof at trial, the summary

---

[2] Although Lt. Garcia provided authenticated portions of the Handbook in support of his motion for summary judgment, this Court could have taken judicial notice of the Handbook. *See Ali v. Stephens*, 822 F.3d 776, 782 n.5 (5th Cir. 2016) (noting court has previously taken judicial notice of the Handbook and would do so again) (citing *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015)); *see also* FED. R. EVID. 201.

3

judgment movant must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the nonmovant's claim; the movant may, but need not, negate the elements of the nonmovant's case to prevail on summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). A complete failure of proof on an essential element of the nonmovant's case renders all other facts immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant shows entitlement to judgment as a matter of law, the nonmovant must bring forward *evidence* to create a genuine issue of material fact. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001). "The *evidence* of the non–movant is to be believed, and all *justifiable* inferences are to be drawn in his favor." *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir.), *cert. denied*, 139 S.Ct. 69 (2018) (emphasis added) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Mere allegations in the nonmovant's complaint are not evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). However, verified allegations in an inmate–plaintiff's complaint are deemed competent summary judgment evidence. *See Al–Raid v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995). Nevertheless, even verified allegations cannot defeat summary judgment if they are simply "conclusory allegations," "unsubstantiated assertions," or constitute "only a scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Hunt v. Pierson*, 730 F. App'x 210, 212 (5th Cir. 2018) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

The court must draw all reasonable inferences in favor of the nonmovant, refraining from making credibility determinations or weighing the evidence. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328–29 (5th Cir. 2017); *Hunt v. Pierson*, 730 Fed. App'x 210, 212 (5th Cir. 2018) (quoting

4

*Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hunt*, 730 Fed. App'x at 212. The Fifth Circuit requires a nonmovant to submit "significant probative evidence" from which the jury could reasonably find for the nonmovant. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). The nonmovant's evidence must raise more than some "metaphysical doubt as to the material facts." *Funches*, 905 F.3d at 849. A genuine issue of fact does not exist "if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Hunt*, 730 Fed. App'x at 212 (quoting *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014)).

   2.   *Substantive Law*

   The PRLA was enacted to reduce the number of prisoner suits by weeding out unmeritorious claim. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). One of the ways the PRLA seeks to accomplish this goal is through a robust exhaustion requirement. *Id.* at 84–85. Under the PRLA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory.[3] *Woodford*, 548 U.S. at 85. Exhaustion is not defined by the PRLA; rather, it is defined by the particular prison's grievance procedures, and courts may not add or subtract from them. *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015).

---

[3] The only limit to the exhaustion requirement "is the one baked into its text: An inmate need exhaust only such administrative remedies as are 'available.'" *Ross v. Blake*, 578 U.S. 632, 648 (2016). Vela has not alleged unavailability and there is nothing in the record to suggest administrative remedies were unavailable to him given that after the excessive force incident filed numerous grievances. (ECF No. 20, Exh. A).

Exhaustion is not jurisdictional, but rather an affirmative defense on which the defendant bears the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As such, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* Thus, when moving for summary judgment, a defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in its favor." *Dillon*, 596 F.3d at 266.

The Fifth Circuit takes a strict approach to exhaustion. *Id.* at 268. Exhaustion must be completed before suit; it may not be excused if it occurs while the suit is pending. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Substantial compliance is insufficient; prisoners must properly exhaust all available remedies by, among other things, complying with deadlines and procedural rules. *See Dillon*, 596 F.3d at 268.

### *Application*

As stated above, Vela is housed in a TDCJ facility, specifically, the Dominguez State Jail. *See* Texas Department of Criminal Justice Inmate Search. The Texas Legislature requires every prison facility to implement a written plan for inmate grievance procedures. *See* 37 TEX. ADMIN. CODE ANN. § 283.3. In compliance with the Legislature's mandate, TDCJ promulgated the Handbook. *See Tex. Dep't of Criminal Justice Offender Orientation Handbook*. Section VIII of the Handbook sets out a two–step grievance process that inmates must follow in order to exhaust their administrative remedies. *See Tex. Dep't of Criminal Justice Offender Orientation Handbook*, § VIII(B), p. 73; *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

According to the Handbook, inmates are first required to "attempt to informally resolve" any problem. *Tex. Dep't of Criminal Justice Offender Orientation Handbook*, § VIII(B), p. 73. If

informal attempts fail, the inmate moves to "Step 1" in which the inmate submits a grievance form to the "unit grievance investigator" within fifteen days of the date the alleged occurrence or incident took place. *Id.* at p. 74. The inmate must note on the Step 1 form the informal resolution steps taken. *Id.* at 73–74. If the inmate is dissatisfied with the response to his Step 1 grievance, he proceeds to "Step 2" by filing a different form with the unit grievance investigator within fifteen days of the date his Step 1 grievance was returned to him. *Id.* at 74. Only when an inmate has attempted informal resolution and completed both Steps has he exhausted his administrative remedies, thereby allowing him to file suit. *Johnson*, 385 F.3d 515.

In support of his motion for summary judgment, Lt. Garcia adduced evidence showing Vela failed to exhaust his administrative remedies prior to filing this suit on March 3, 2022. (ECF Nos. 1; 20, Exh. A). The summary judgment evidence shows Vela timely filed a Step 1 grievance on October 25, 2021, regarding Lt. Garcia's October 10, 2021 alleged use of excessive force. (ECF No. 20, Exh. A, pp. 40–41). The grievance was assigned number 2022021343. (*Id.*, p. 40). Review of the grievance ultimately determined the use of chemical agents was warranted. (*Id.*, p. 43). Although Vela's grievance was rejected, his grievance records from July 10, 2021 through April 10, 2022, show that although he filed other grievances thereafter, he failed to file a Step 2 grievance challenging the denial of grievance number 2022021343 as mandated by the Handbook. (ECF No. 20, Exh. A); *see Tex. Dep't of Criminal Justice Offender Orientation Handbook*, § VIII(B), p. 74. Thus, the Court finds the summary judgment evidence establishes as a matter of law that prior to filing suit Vela failed to complete both Steps of the grievance process with regard to his October 25, 2021 grievance challenging Lt. Garcia's use of force. (ECF Nos. 1;

20, Exh. A). This proves Vela failed to comply with the exhaustion requirement as mandated by the PRLA. *See* 42 U.S.C. § 1997e(a); *Johnson*, 385 F.3d 515.

Additionally, the summary judgment evidence shows Vela filed a second grievance relating to the October 10, 2021 incident. (ECF No. Exh. A, pp. 55–56). That grievance, filed the same day as the excessive force grievance, complains about the imposition of a disciplinary case against Vela based on the incident. (*Id.*). This second grievance was assigned number 2022021348. (*Id.*, p. 55). In the second grievance, Vela sought to have the disciplinary case overturned. (*Id.*, pp. 55–56). Upon review by prison officials, it was determined the disciplinary charge and subsequent "guilty verdict" were proper. (*Id.*, p. 58). Vela failed to challenge the finding by filing a Step 2 grievance as required, again failing to exhaust his administrative remedies prior to filing his § 1983 action as mandated by the PRLA. *See* 42 U.S.C. § 1997e(a); *Johnson*, 385 F.3d 515.

## CONCLUSION

Based on the foregoing analysis, the Court finds the summary judgment evidence produced by Lt. Garcia establishes as a matter of law that Vela failed to exhaust his administrative remedies prior to filing his § 1983 claims against Lt. Garcia. (ECF Nos. 1; 20, Exhs. A, B); *see Tex. Dep't of Criminal Justice Offender Orientation Handbook*, § VIII(B), p. 74. Because Vela failed to complete the grievance process with regard to either grievance related to the § 1983 claims against Lt. Garcia prior to filing this action on March 3, 2022, he has not met the mandated exhaustion requirement of the PRLA. *See* 42 U.S.C. § 1997e(a); *Johnson*, 385 F.3d 515. Accordingly, summary judgment in favor of Lt. Garcia is proper because the undisputed evidence shows Vela failed to exhaust his administrative remedies prior to filing suit. (ECF Nos. 1; 20, Exh. A).

**IT IS THEREFORE ORDERED** that Lt. Garcia's Motion for Summary Judgment Limited to Exhaustion of Administrative Remedies (ECF No. 20) is **GRANTED** and Vela's claims against him are **DISMISSED**.

**IT IS FURTHER ORDERED** that that Vela shall take nothing in this cause against Lt. Garcia.

It is so **ORDERED**.

**SIGNED** June 7, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

9